UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ADAMSELY M. MERCADO,<br><br>        Defendant. | Case No. 1:17-cr-00191-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Adamsely M. Mercado's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 47). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court denies the motion.

## I.   BACKGROUND

On May 10, 2018, the Court sentenced Mercado to 151 months of imprisonment after he pleaded guilty to Distribution of Methamphetamine (Dkt. 40). At that time, the Defendant was held accountable for distributing approximately 131 grams of methamphetamine (Dkt. 34 at 6). Defendant's criminal history began at age fifteen and included multiple felony convictions and related parole revocations at the time of sentencing (Dkt. 34 at 7-12). Defendant now moves this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 47) so that he may care

for his aging mother and operate her business, and because his performance while incarcerated has been commendable.

## II.   LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified, except in limited circumstances. 18 U.S.C. § 3582(b). Congress has provided an exception for a "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). To grant compassionate release under this provision, a district court must, as a threshold matter, determine whether a defendant has exhausted his administrative remedies. If the exhaustion requirement is met, the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction," and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Lastly, the Court must consider the 18 U.S.C. § 3553(a) sentencing factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, No. 218CR00048CAS1, 2020 WL 509385 at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## III.   ANALYSIS

**A.   Exhaustion of Administrative Remedies**

To exhaust his administrative remedies, an inmate must request that the Bureau of Prisons (BOP) make a motion for compassionate release on his behalf and show either "(a) the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

[his] behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *Keller*, 2 F.4th at 1281 (citing 18 U.S.C. § 3582(c)(1)(A)).

In Mercado's motion, he asserts he submitted a request for compassionate release to the warden of his facility (Dkt. 47 at 3). To support this, Mercado attached an informal resolution form signed by a unit manager on August 28, 2024, and a request for administrative remedy dated August 29, 2024 (Dkt. 47-1 at 13-17). Accordingly, the Court finds Mercado has exhausted his administrative remedies because he submitted a request for compassionate release to the BOP, and it was denied.

B.  **Extraordinary and Compelling Reasons**

Mercado identifies three potential bases for compassionate release: (1) his mother's advanced age and need for care; (2) his asserted medical vulnerability to COVID-19; and (3) his rehabilitation and low recidivism risk.

First, Mercado states that his mother is eighty-nine years old and needs him to be her sole primary care provider (Dkt. 47 at 5). Under U.S.S.G. § 1B1.13(b)(3)(C), an extraordinary and compelling reason may exist when there has been "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." That is, an aging parent alone is not an extraordinary and compelling reason to justify compassionate release under U.S.S.G. § 1B1.13(b)(3)(C). *See United States v. Ross*, No. 4:17-CR-00102-AKB-1, 2024 WL 3677337, at *2 (D. Idaho Aug. 5, 2024).

In support of his motion, Mercado has submitted a letter from his mother discussing her need for Mercado to care for her and her property (Dkt. 47-1 at 12). Mercado also states that he

would manage her labor camp business and apartments (Dkt. 47-1 at 10). Although the record reflects Mercado's mother's advanced age and some need for assistance, it does not demonstrate incapacitation or lack of alternative caregivers as required under U.S.S.G. § 1B1.13(b)(3)(C). While Mercado states that his mother needs him to be her "sole primary care provider," he has not met his burden of establishing that he is the only available caregiver. Therefore, Mercado's family circumstances are not an extraordinary and compelling reason to warrant release.

Next, Mercado contends that he suffers from hypertension and a weaker immune system which makes him more vulnerable to COVID-19 (Dkt. 47-1 at 10). Under U.S.S.G. § 1B1.13(b)(1)(D), a defendant's medical circumstances are sufficiently extraordinary and compelling when:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).

Mercado provides no evidence that FCI Fairton is currently affected or at imminent risk of an outbreak of infectious disease or that mitigation measures are inadequate. The mere possibility of infection, even for a vaccinated or medically vulnerable inmate, is insufficient. *See Ross*, 2024 WL 3677337, at 3 ("The mere fact that risk exists is not enough; a defendant must also prove

efforts to mitigate would be unavailable."). Thus, Mercado's medical condition does not present an extraordinary and compelling basis for release.

Finally, Mercado's motion also discusses his rehabilitation, stating that he is a gang dropout, has attended rehabilitation programs, and is a low recidivism inmate (Dkt. 47-1 at 10). Under U.S.S.G. § 1B1.13(d), however, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." Although, rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

While commendable, Mercado's efforts and rehabilitation are not an independent reason to grant his motion for compassionate release. Considering Mercado's rehabilitation in combination with the other circumstances raised in his motion, the Court finds that he has failed to show an extraordinary and compelling reason to justify a compassionate release.

C.   **Section 3553(a) Factors**

Mercado argues that a reduction in sentence is consistent with the 18 U.S.C. § 3553(a) factors given his behavior while imprisoned, his rehabilitation, and his plans to take care of his mother (Dkt. 47-1 at 9). Even if Mercado had established an extraordinary and compelling circumstance, however, the sentencing factors would not support a reduction in sentence. Mercado argues that his rehabilitation efforts and positive behavior while in prison support his release, but his criminal history weighs heavily against this conclusion. As previously noted, Mercado's criminal history began at age fifteen and includes four prior felony convictions and multiple parole violations (Dkt. 34 at 7-12). Despite prior terms of imprisonment, he returned to criminal activity culminating in the present offense, which involved distribution of 131 grams of methamphetamine.

The Court's original sentence accounted for the seriousness of the offense, the need for deterrence, and Mercado's recidivism risk. Reducing that sentence would not promote respect for the law or provide just punishment. Accordingly, even if the Court were to find an extraordinary and compelling reason, the § 3553(a) factors weigh against a sentence reduction.

Because Mercado has failed to present an extraordinary and compelling reason and because the § 3553(a) factors weigh against his release, the Court denies the motion.

### IV. ORDER

**IT IS ORDERED that:**

1. Defendant Adamsley M. Mercado's Motion for Compassionate Release (Dkt. 47) is **DENIED**.

DATED: October 23, 2025

Amanda K. Brailsford
U.S. District Court Judge